UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

David L. Ehrlich,

        Defendant.

Criminal No. 06-293 (JNE)
Civil No. 10-181 (JNE)
ORDER

David L. Ehrlich pleaded guilty to wire fraud. At his sentencing on October 18, 2007, the Court calculated a guideline range of 100 to 125 months' imprisonment based on an offense level of 24 and a criminal history category of VI, granted the government's motion for a downward departure, and sentenced Ehrlich to 80 months' imprisonment. Ehrlich did not appeal. On January 21, 2010, Ehrlich moved for relief under 28 U.S.C. § 2255 (Supp. I 2007). Because the record conclusively shows that he is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Ehrlich contends that his criminal history was overstated and that the sentence imposed was excessive because the presentence investigation report indicated that he had to register as a sex offender. He seeks a 25% reduction to his sentence. The government contends that the motion should be denied as untimely or on the merits.

At sentencing, the presentence investigation report indicated that a conviction in California state court in September 2003 required Ehrlich to register as a sex offender in California and Minnesota. In September 2008, Ehrlich withdrew his guilty plea to the charge that required him to register as a sex offender and pleaded guilty to an offense that does not require registration. In October 2009, the presentence investigation report was amended to delete information regarding Ehrlich's obligation to register as a sex offender.

1

The change to Ehrlich's California conviction does not affect the computation of his criminal history. *See United States v. Martinez-Cortez*, 354 F.3d 830, 832 (8th Cir. 2004). His guideline range of imprisonment remains the same. Only the registration requirement changed. Consequently, no reduction to his sentence of imprisonment is warranted.

In addition, Ehrlich's motion is untimely. A one-year limitation period applies to a motion under § 2255. In this case, the period runs from the latest of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Ehrlich brought his motion more than one year after his conviction became final and more than one year after the change to his California conviction.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. *Id.* § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Ehrlich has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Thus, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Ehrlich's motion for relief under 28 U.S.C. § 2255 [Docket No. 25 in Crim. No. 06-293] is DENIED.

2. A certificate of appealability shall not issue.

Dated: March 9, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge