UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

David L. Ehrlich,

        Defendant.

Crim. No. 06-293 (JNE)
ORDER

In 2007, Defendant David L. Ehrlich pled guilty to wire fraud and was sentenced to 80 months imprisonment followed by five years of supervised release. In 2012, the Defendant admitted violating a condition of his supervised release and was sentenced to eight months imprisonment followed by 52 months of supervised release. In November 2013, the Defendant was found to have violated three conditions of his supervised release and was sentenced to three years imprisonment with no supervised release to follow.

This matter is now before the Court on the Motion to Withdraw as Counsel of Record without Substitution by the Defendant's attorney, ECF No. 62, and on the Defendant's Application to Proceed In Forma Pauperis ("IFP") on Appeal, No. 66.

**I.    Counsel's Motion to Withdraw.**

The Defendant's retained counsel of record filed a motion to withdraw without substitution under Local Rule 83.7(c) immediately after the Court revoked the Defendant's supervised release and sentenced him to three years imprisonment on November 18, 2013. The Defendant subsequently filed, through counsel, a Notice of Appeal on November 30.

Eighth Circuit Rule 27B(a) provides that "[r]etained counsel in criminal cases . . . shall file a notice of appeal upon their client's request. Defendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw."

Counsel's motion to withdraw will be denied.

**II.    Defendant's IFP application.**

A litigant may apply for leave to proceed in forma pauperis on appeal by submitting proof that he or she is unable to pay the filing fee and other costs associated with the appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). The litigant must also satisfy the Court that the appeal is taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

The Defendant has submitted the standardized IFP application form available from the Clerk that calls for the applicant to provide information about his income, expenses, assets, and debts. As he has filled it out, the Defendant's application falls far short of demonstrating that he is unable to pay the fees associated with his appeal. The Defendant indicates that he has worked for the past year for Webb Candy, earning gross monthly pay of $5,200 and an average monthly income of $4,800. At the same time, the Defendant indicates that he has no expenses or liabilities other than the $11,400 he owes to the Internal Revenue Service. Elsewhere, the Defendant suggests that he also pays child support and car payments, but where the form directs him to itemize his expenses, he puts "0" next to the entries for both "Motor vehicle installment payments" and "Alimony, maintenance, and support paid to others."

Furthermore, it is evident that the Defendant's application does not accurately reflect his true financial status, as it very plainly does not include all of the resources to which he has access and all of the liabilities he has incurred. The Defendant is currently incarcerated in part because

of his repeated failure to provide full and accurate financial information to the Probation Officer, as required by the terms of his supervised release. It appears that those habits die hard.

The Defendant's IFP application will be denied.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's counsel's Motion to Withdraw as Attorney without Substitution [ECF No. 62] is DENIED.

2. Defendant's Application to Proceed In Forma Pauperis on Appeal [ECF No. 66] is DENIED.

Dated: December 6, 2013                              s/Joan N. Ericksen
                                                     The Honorable Joan N. Ericksen
                                                     United States District Judge